**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**Houston Division**

| | | |
|---|---|---|
| DAVID SEITZ and MICROTHERM, INC., | § | |
| Plaintiffs, | § | CIVIL ACTION NO.: H-02-4782 |
| v. | § | |
| | § | Judge Lee H. Rosenthal |
| ENVIROTECH SYSTEMS WORLDWIDE, | § | |
| INC., ENVIROTECH OF TEXAS, INC., | § | |
| VALEO, INC., and SKYE | § | |
| INTERNATIONAL, INC. | § | |
| Defendants. | § | |

**VALEO, INC. BRIEF IN SUPPORT OF**
**RULE 12(b) MOTION TO DISMISS**

Comes Now, Valeo, Inc. and files this Fed. R. Civ. P. Rule 12(b) Motion to Dismiss as follows.

**I.      INTRODUCTION**

In the Plaintiffs' Amended Complaint, the Plaintiffs fail to allege personal jurisdiction over Valeo, Inc., and the Plaintiffs fail to state a claim for infringement of the patents or unfair competition against Valeo, Inc.  Under Rule 12(b)(2) and (6) of the Federal Rules, the Amended Complaint should be dismissed against Valeo, Inc.

**II.      THE FACTUAL BACKGROUND**

The Plaintiffs, Mr. Seitz and Microtherm, filed an Amended Complaint on March 1, 2007 alleging patent infringement and unfair competition claims against Valeo, Inc. The Amended Complaint, however, contains no allegation of personal jurisdiction applicable to Valeo, Inc., and the Amended Complaint provides no identification of a

single contact Valeo, Inc. has had with this forum to support an allegation of personal jurisdiction.

There is no allegation regarding any alleged specific false or misleading statements attributable to Valeo, Inc. that would make Valeo, Inc. liable for Lanham Act unfair competition, and the Plaintiffs have failed to allege sufficient evidence to establish direct or indirect patent infringement against Valeo, Inc.

For instance, the Plaintiffs admit that their attorneys and technical experts (Mr. Louis Everett) never acquired an ESI-2000 product unit to analyze prior to making their initial claim for infringement against the Envirotech Defendants. The Plaintiffs had no supporting evidence of infringement by the Envirotech Defendants of two patents asserted in their patent litigation when it was initially filed. The Plaintiffs only withdrew the allegations of infringement for these two patents after confronted with summary judgment motions that would adjudicate non-infringement.

The Plaintiffs are making infringement allegations for two remaining patents against the ESI-2000 even though the Plaintiffs admit that they could not, and still cannot, identify any software code in the Envirotech Defendants' water heaters that infringes these two remaining patents at issue in the present litigation, United States Patent Nos. 5,866,880 and 6,080,971. The Plaintiffs are making infringement allegations against a newly-developed product, known as the Fortis water heater unit, even though the Plaintiffs do not know how that product will programmed in its commercial embodiment to control the heating elements, and therefore, the Plaintiffs are making infringement allegations even though the Plaintiffs cannot show how that product infringes each and every element of the asserted claims in those patents.

2

There is also no evidence of any damages in this matter. Plaintiffs admit that they have no evidence of any lost sales attributable to any action taken by the Envirotech Defendants. The Plaintiffs' claim for damages is duplicative of the damages awarded to the Plaintiffs in another legal proceeding, where that Court in South Texas refused to allow additional claims for damages (that are being sought by Mr. Seitz under his patents) because it would constitute a double recovery.

The Plaintiff admit that they have received approximately an $80 million damage award for all damages to its business during the relevant time period alleged for infringement (with $30 million in attorney fees) by the Envirotech Defendants, which Mr. Seitz has indicated was compensation and reimbursement for any and all damages sustained by his company during the same time period that he alleges the Envirotech Defendants infringed his patents.

When asked at the Plaintiffs' 30(b)(6) deposition, Mr. Sietz indicated that he could not identify a single lost sale that was caused by any alleged false advertising used by the Defendants. Mr. Seitz testified as follows:

> Q.  Okay. My question now is: What is your
> evidence that supports that belief that people would
> have bought a Seisco unit as opposed to a Control unit
> or one of the other manufacturers out there in the
> industry?
>
>    MR. BRYANT: He's answered that question,
> too.
>
> A. And -- and I told you that I don't believe that
> in this case I need to demonstrate to this Court
> anything in the way of evidence more than this was
> fraudulent, this was deliberate and this was intentional
> and it went way beyond just, you know, rosy advertising.

*Exhibit 1, Seitz Oct. 17, 2006 Dep. Tr. 187:16-188:2.*  Mr. Seitz also testified that:

3

Q.    So as you sit here today --
      today, you can't identify a single person that was
      allegedly misled by these statements?

A.    As I sit here today I cannot identify an
      individual by name.

*Exhibit 1, Seitz Oct. 17, 2006 Dep. Tr. 173:24-174:3.* Mr. Seitz also testified that:

Q.    Okay. E-mails. Could you give us the e-mails?

A.    E-mails and phone calls, I can -- I can do a
      search for that, yes.

Q.    Has that -- has that been given to us yet?

A.    I just got through telling you I made no effort
      to do a survey, nor do I think I'm required to.

*Exhibit 1, Seitz Oct. 17, 2006 Dep. Tr. 172:23-173:3.* Mr. Seitz also testified that:

Q.    As you sit here today you can't identify a
      single e-mail where it says, "I was confused" or "What
      about these statements?" "Are these true?" "Are they
      fraudulent?" What?

A.    Did you ask me for e-mails –

Q.    I believe we've asked –

A.    -- from customers? You may have. I don't
      think so. I mean, I'm just -- just curious. But the
      answer is: I don't have an e-mail today sitting here
      today that has a customer's name on it.

*Exhibit 1, Seitz Oct. 17, 2006 Dep. Tr. 174:8-17.* Mr. Seitz also testified that:

Q.    Okay. And did you conduct any type of other
      type of survey or listing of people that contacted you
      that you can point us to that says "these people
      contacted us regarding these statements" that you allege
      are fraudulent?

A.    I think I've answered the question, haven't I?
      I have not done a survey in the -- in the respect that
      you're asking, you're discussing.

4

Q.    So you have no listing or identification of
people that you can point us to?

A.    I cannot sit here today and give you a single
name of a single person who told us that they bought
Envirotech based on their representations.

*Exhibit 1, Seitz Oct. 17, 2006 Dep. Tr. 191:17-192:4.*

## III.    ARGUMENT

In response to an initial pleading, the Defendant must present a pre-answer

motion identifying any applicable Fed. R. Civ. P. Rule 12(b) defense. *Albany Ins. Co. v.*

*Almacenadora Somex,* 5 F.3d 907, 909 (5th Cir. 1993); *Wright & Miller,* 5b *Federal*

*Practice & Procedure 3d,* §§ 1346-49 (2004); 2 Moore's Federal Practice 3d §§12.01-

12.03 (2005).

### A.    Valeo, Inc. Should Be Dismissed from this Action Under Fed. R. Civ. P. Rule 12(b)(2)

Where a non-resident defendant moves to dismiss for lack of personal

jurisdiction, the plaintiff shoulders the burden of establishing jurisdiction over those

defendants. *See Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985). Because the

Court will rule on the personal jurisdiction issue without a full evidentiary hearing, the

Plaintiff need only make a *prima facie* showing of jurisdiction. *See Wilson v. Belin,* 20

F.3d 644, 648 (5th Cir. 1994)(citing *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162,

1165 (5th Cir. 1985)).

In determining whether plaintiff has made a *prima facie* showing of jurisdiction,

the Court must accept as true all uncontroverted allegations in plaintiff's complaint and

resolve any factual disputes in her favor. *See Latshaw v. Johnston,* 167 F.3d 208, 211 (5th

Cir. 1999); *Wilson,* 20 F.3d at 648.  In the present case, however, the Amended

Complaint contains absolutely no allegations that this Court, forum or district has

personal jurisdiction over Valeo, Inc. Indeed, the Plaintiffs fail to identify any contact or

availment Valeo, Inc. has had with this forum that would satisfy the standards for

asserting personal jurisdiction over Valeo, Inc. Without any support for a claim of

personal jurisdiction over Valeo, Inc., this Court should dismiss Valeo, Inc. from the

lawsuit under Fed. R. Civ. P. Rule 12(b)(2).

### B.    Valeo, Inc. Should Be Dismissed from the Lanham Act Claims Under Fed. R. Civ. P. Rule 12(b)(6)

The strict standard of review under rule 12(b)(6) has been summarized as follows:

"The question therefore is whether in the light most favorable to the plaintiff and with

every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal

v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999). Dismissal is warranted if

it appears certain that the plaintiff cannot prove any set of facts in support of her claim

that would entitle her to relief. *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.

1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir. 1994)).

While the Plaintiff has made a facial claim against Valeo, Inc. as being a party

that has made false or misleading statements in violation of the Lanham Act, the Plaintiff

failed to identify any alleged false advertising statements made by Valeo, Inc. in its

complaint.    Without an appropriate identification of the alleged literally false

statements, however, these claims should fail. *IQ Prods. Co. v. Pennzoil Prods. Co*., 305

F.3d 368 (5th Cir. 2002); *Pizza Hut v. Papa John's Int'l*, 227 F.3d 489 (5th Cir. 2000).

Because the Defendants failed to identify any alleged false statements made by Valeo,

Inc. that would support their Lanham Act claims, this party should be dismissed from

those claims under Fed. R. Civ. P. Rule 12(b)(6).

6

McCarty on Trademarks states: "Vague advertising claims that one's product is 'better' than that of competitors' can be dismissed as mere puffing that is not actionable as false advertising." 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27:38 (4th ed. 1997). If the statement is shown to be misleading or ambiguous, the plaintiff must demonstrate actual deception through direct evidence of consumer reaction to the advertising or evidence of consumer surveys or consumer reaction tests. *Pizza Hut v. Papa John's Int'l,* 227 F.3d at 497.

At the 30(b)(6) deposition of the Plaintiff's representative, the Plaintiffs admitted that they had no evidence of any actual consumer deception, diverted sales or any damages that allegedly resulted from any statement made by any entity. Without such evidence or the identification of a literally false statement, Valeo, Inc. should be dismissed from the Plaintiffs' Lanham Act claim under Rule 12(b)(6).

## C.    Valeo, Inc. Should Be Dismissed from the Patent Infringement Claims Under Fed. R. Civ. P. Rule 12(b)(6)

"The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir. 1994)).

In the present case, the Plaintiffs have failed to identify sufficient evidence to establish direct or indirect patent infringement against Valeo, Inc. The Plaintiffs admitted at the last Scheduling Conference on February 28, 2007, that they cannot identify any

7

software code in the ESI-2000 product that infringes any of their patent. Further, the Plaintiffs admit that their attorneys and technical experts (Mr. Louis Everett) never acquired an ESI-2000 product unit to analyze prior to making their initial claim for infringement against the Envirotech Defendants.

The Plaintiffs had no supporting evidence of infringement by the Envirotech Defendants of two patents asserted in their patent litigation when it was initially filed, but Plaintiffs asserted those patents anyway. The Plaintiffs only withdrew the allegations of infringement for these two patents after confronted with summary judgment motions that would adjudicate non-infringement, which resulted in an unnecessary burden on the Envirotech Defendants to defend against frivolous allegations.

The Plaintiffs are making infringement allegations for two remaining patents against the ESI-2000 even though the Plaintiffs admit that they could not, and still cannot, identify any software code in the Envirotech Defendants' water heaters that infringes these two remaining patents at issue in the present litigation, United States Patent Nos. 5,866,880 and 6,080,971. The Plaintiffs are making infringement allegations against a newly-developed product known as the Fortis water heater unit even though the Plaintiffs do not know how that product will programmed in its commercial embodiment to control the heating elements. The Plaintiffs are making infringement allegations under United States Patent Nos. 5,866,880 and 6,080,971 against a newly-developed product known as the Fortis water heater unit even though the Plaintiffs cannot show how that product infringes each and every element of the asserted claims in those patents.

At the 30(b)(6) deposition of the Plaintiff's representative, the Plaintiffs admitted that they had no evidence of any actual consumer deception, any lost or diverted sales, or

8

any damages that allegedly resulted from any competing sales made by any entity.

Without sufficient evidence of infringement or damages, the Plaintiff's patent

infringement claims should be dismissed against Valeo, Inc. under Rule 12(b)(6).

## IV.   CONCLUSION

At the present time, Valeo, Inc. respectfully requests that it be dismissed from the

present action under Fed. R. Civ. P. Rule 12(b)(2) and (6).


Respectfully submitted,


Dated:   3/21/07                            s/D. Scott Hemingway
                                            D. Scott Hemingway
                                            Texas Bar No. 09407880
                                            Eugenia S. Hansen
                                            Texas Bar No. 08929720
                                            Hemingway & Hansen, LLP
                                            Bank One Center, Suite 2500
                                            1717 Main Street
                                            Dallas, Texas  75201
                                            Phone:  (214) 292-8301

                                            **Attorneys for Defendants**

9

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been

served on the following counsel of record in the manner indicated this 21st day of March,

2007.

*Via First Class Mail*

Loren G. Helmreich
Browning Bushman
5718 Westheimer, Ste 1800
Houston, TX 77057

*Via First Class Mail*

Steve A. Bryant
Steve A. Bryant & Associates
3618 Mt Vernon, Ste A
Houston, TX 77006

_____ s/D. Scott Hemingway_____