IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SEITZ and MICROTHERM, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-02-4782 |
| ENVIROTECH SYSTEMS WORLDWIDE INC., *et al.*, | § § § | |
| Defendants. | § § | |

MEMORANDUM AND ORDER ON THE MOTIONS
TO DISMISS FILED BY SKYE AND VALEO

On December 13, 2002, David Seitz and Microtherm, Inc. (together, "Seitz") sued

Envirotech Systems Worldwide, Inc. and Envirotech of Texas (together, "Envirotech") for

infringing Seitz's patents and for unfair competition. (Docket Entry No. 1). Seitz claims that

Envirotech's ESI-2000 water heater and another heater in development, Fortis, infringe the

patents. On March 1, 2007, Seitz filed an amended complaint. (Docket Entry No. 136). In

that complaint, Seitz added two new defendants, Valeo, Inc. and Skye International, Inc.

Envirotech and Valeo are wholly owned subsidiaries of Skye. Valeo and Skye are alleged

to be Nevada corporations. (*Id*. at ¶¶ 4, 5). Because Valeo and Skye have no designated

agents in Texas, they were served through the Texas Secretary of State. (*Id*.). The amended

complaint alleges that this Texas court has jurisdiction over Valeo and Skye because "[e]ach

party has sold infringing products and committed acts of unfair competition in this district,

and /or has induced or contributed to the infringement and unfair competition of other parties in this district." (*Id*. at ¶ 6).

Valeo and Skye have filed motions to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim. (Docket Entry Nos. 138, 141). Seitz has responded, (Docket Entry No. 144), and Skye and Valeo have replied, (Docket Entry Nos. 145, 146). Based on careful consideration of the pleadings, the motions and responses, the parties' submissions, and the applicable law, this court grants the motions to dismiss for lack of personal jurisdiction. (Docket Entry Nos. 138, 141). The reasons for these rulings are explained below.

## I.    The Applicable Legal Standard

In patent infringement actions, personal jurisdiction is governed by Federal Circuit law. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194 (Fed. Cir. 2003); *see also Orica Explosives Tech., Pty., Ltd. v. Austin Powder Co.*, 2007 WL 1115238, at *1 (E.D. Tex. 2007). Under Federal Circuit precedent, personal jurisdiction over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process; and (2) whether the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the issue is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. *Religious Tech.*

2

*Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003); TEX. CIV. PRAC. & REM.. CODE ANN. § 17.041-.045.

The due process requirements for exercising personal jurisdiction over a nonresident focus on whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "A defendant establishes minimum contacts with a state if 'the defendant's conduct and connection with the forum state are such that [the defendant] should reasonably anticipate being haled into court there.'" *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 379 (5th Cir.2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). "There must be some act whereby the [nonresident] defendant 'purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Id.*

The plaintiff bears the burden of demonstrating facts sufficient to support personal jurisdiction over a nonresident defendant. That burden is met by a *prima facie* showing; proof by a preponderance of the evidence is not necessary. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* "[O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *D.J. Invs. v. Metzeler Motorcycle*

3

*Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985) (quoted in *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)).  However, the court is not obligated to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001)*; see also Samish Indian Nation v. United States*, 419 F.3d 1355, 1364 (Fed. Cir. 2005) ("[The court must] accept[] as true all non-conclusory allegations of fact, construed in the light most favorable.").  The "plaintiff's *prima facie* showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996); *Hartford Fire Ins. Co. v. Hutchinson*, 2006 WL 903715, at *2 (S.D. Tex. Apr. 6, 2006) ("A plaintiff may present a *prima facie* case by producing admissible evidence which, if believed, would suffice to establish the existence of personal jurisdiction.").

Minimum contacts can give rise to "specific" personal jurisdiction or "general" personal jurisdiction.  *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). A court may exercise specific jurisdiction when: (1) the nonresident defendant purposely availed itself of the privileges of conducting activities in the forum state; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state. *Freudensprung v. Offshore Tech. Serv.*, 379 F.3d 327 (5th Cir. 2004) (citations omitted); *Religious Tech. Ctr.*, 339 F.3d at 375; *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 344 (5th Cir. 2002); *Gundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 446 U.S. 408, 414 n. 8 (1984). To

4

determine whether specific jurisdiction exists, a court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." *Gundle Lining Const.*, 85 F.3d at 205; *Helicopteros Nacionales*, 466 U.S. at 414, n. 8.  "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

When the cause of action does not arise from or relate to the nonresident defendant's purposeful conduct within the forum state, due process requires that the nonresident defendant have engaged in continuous and systematic contacts with the forum state before a court may exercise general personal jurisdiction. *Helicopteros*, 466 U.S. at 414-15; *Bearry v. Beech Aircraft Corp.* 818 F.2d 370, 374 (5th Cir. 1987). The plaintiff must demonstrate contacts of a more extensive quality and nature between the forum state and the defendant than those needed to support specific jurisdiction. *Dalton v. R & W Marine*, 897 F.2d 1359, 1362 (5th Cir.1990) (citations omitted). "To exercise general jurisdiction, the court must determine whether 'the contacts are sufficiently systematic and continuous to support a reasonable exercise of jurisdiction.'" *Holt Oil & Gas v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (citations omitted)).

## II.      Analysis

### A.      Minimum Contacts

In the response brief to the motion to dismiss, Seitz relied on the allegations in the amended complaint and a two-paragraph affidavit by David Seitz to establish personal jurisdiction over Skye and Valeo.  (Docket Entry No. 144, Ex. 1).  That affidavit states the following:

> Skye, International, Inc. has advertised its Fortis unit for sale in trade journals circulated within the State of Texas.  Skye International, Inc. has appointed at least one manufacturer's representation [sic] in the State of Texas to solicit Fortis business.
>
> Valeo, Inc. sold one or more of the ESI 2000 units to Texas residents.  This evidence has been previously offered to the Court.

(*Id*. at 1).  The previously offered evidence referred to in the affidavit appears to include an unsigned, undated, three-page "Brief History of Skye International and Envirotech" submitted to this court in Seitz's motion for leave to amend.  (Docket Entry No. 11, Ex. A).  That unsigned statement does not mention specific Texas contacts by Skye or Valeo.  The amended complaint does not allege specific sales of infringing products or specific acts of unfair competition in Texas committed by or attributable to Skye or Valeo.  (Docket Entry No. 136).

Skye and Valeo responded, arguing that the evidence is conclusory and inadequate to make a *prima facie* showing of minimum contacts.  Valeo argued that there was "no indication in [Seitz's] statement of when that sale was made, whether it was made directly

6

by Valeo, Inc. into Texas or indirectly through a distributor of supplied, what the terms of the sale were (e.g. F.O.B. shipping, F.O.B. destination, C.O.D., etc.), whether delivery was ever made of the product, whether payment was made for such sales, who purchased that product, or other facts." (Docket Entry No. 146 at 4–5). Skye argued that no details were provided as to the alleged advertisement in Texas, such as "when it was sent, by whom it was published, or how the publication came to be circulated in the State of Texas," and no details as to the Texas sales representative allegedly appointed by Skye, such as "identification of the manufacturer's alleged representative, who that representative was appointed by, where that representative is located, how that representative allegedly solicits business in the forum, when that representative has allegedly solicited business within the forum, where in the forum that representative has allegedly solicited business, and to whom that representative had allegedly solicited business." (Docket Entry No. 145 at 3–4).

In *Panda Brandywine*, the Fifth Circuit upheld a district court's decision to exclude uncontroverted assertions offered to show personal jurisdiction over a nonresident defendant because those assertions were conclusory. 253 F.3d at 868–69. In that case, the only evidence offered to establish personal jurisdiction was a state-court petition alleging "on information and belief" that the defendant knew that the plaintiffs were Texas residents and knew that the defendant's actions would harm the plaintiffs in Texas. *Id.* at 869. The district court found the allegations too conclusory to consider in the jurisdictional analysis.

In *Silverman v. Bookzone, Inc.*, 2005 WL 1902786, at *4 (N.D. Tex. 2005), a court found that similar assertions without supporting evidence were conclusory. In that case, the

defendant, an Arizona company, developed a website for a Massachusetts company and ceased operations.  The plaintiff sued in Texas.  The plaintiff supported the exercise of personal jurisdiction over the defendant by alleging, with no supporting evidence, that the defendant had developed more than 3,500 websites across the United States, including some in Dallas.  The court refused to credit the plaintiff's "bare assertions that Bookzone has developed websites in Dallas."  *Id.*  The court additionally noted that "even if Bookzone has developed websites for other Texas companies, Silverman has not established that such contact is continuous, systematic, and substantial, or was directly related to Silverman's cause of action. That Bookzone has engaged in business with a Texas company does not mean it is doing business in Texas."  *Id.*

The evidence specifically discussed in Seitz's response to the motion to dismiss as supporting the exercise of personal jurisdiction over Skye and Valeo is an unsigned, undated statement and a two-paragraph affidavit.  The affidavit asserts that Valeo made one or more sales of the ESI-2000 in Texas, Skye advertised the Fortis product in Texas, and Skye appointed a representative in Texas to solicit business for the Fortis product.  No supporting evidence or information was provided.  Such conclusory assertions are insufficient to show personal jurisdiction.  *Panda Brandywine*, 253 F.3d at 869; *Silverman v. Bookzone, Inc.*, 2005 WL 1902786.  Even considering these assertions, the allegations do not make a *prima facie* showing of personal jurisdiction, for the reasons explained below.

1.      *Sales by Valeo*

In his affidavit, David Seitz asserted that Valeo sold one or more of the ESI-2000 products to Texas residents.  No details or support are provided.  At a hearing before this court, Envirotech's counsel acknowledged that Valeo "took on some backorders regarding the ESI 2000."  (Docket Entry No. 135 at 71).  The record does not show whether or how Valeo filled these orders or whether any were from Texas.

In a patent infringement case, specific jurisdiction over a nonresident defendant may be proper if it sells the allegedly infringing product to customers in the forum state.  *Trintec Indust., Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) (finding sale in District of Columbia sufficient to impose jurisdiction).  In *Moore v. Harney Hardware*, 2006 WL 1342820 (S.D. Tex. May 15, 2006), the defendant operated a website that buyers could use to purchase products that allegedly infringed the plaintiff's patent.  The evidence showed that the defendant shipped one allegedly infringing product to a Texas customer.  *Id.* at *2.  The court found this fact sufficient to establish specific jurisdiction.  *See also Osteotech, Inc. v. GenSci Regeneration Sciences*, 6 F. Supp. 2d 349, 354 (D.N.J. 1998) ("The law is clear that, where a defendant infringer is shown to have sold the allegedly infringing product in the forum state, the forum may exercise personal jurisdiction over the defendant.").

In this case, the record does not show whether Valeo made any direct sales of the ESI-2000 to customers in Texas.  Seitz's conclusory allegation of one or more sales of the ESI-2000 by Valeo in Texas, with no further information, is insufficient.

In the Federal Circuit, personal jurisdiction under the stream-of-commerce theory may be proper when "defendants, acting in consort, placed the accused [product] in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994). In that case, the court found that the product was "purposefully shipped . . . into Virginia through an established distribution channel." *Id.* at 1571; *see also Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1322 (Fed. Cir. 2005) (evidence of established distribution channels was sufficient for personal jurisdiction). Similarly, in *Jacobs Chuck Mfg. Co. v. Shandong Weida Machinery Co., Ltd.*, 2005 WL 3299718 (E.D. Tex. Dec. 5, 2005), a defendant manufacturer sold component parts to distributors but did not control where the final products were sold. The court found that the manufacturer "knew its alleged infringing chuck was to be integrated into a popular brand of consumer goods destined to be sold by a well-known and large retailer . . . [and] would be bought by consumers in the United States and Texas." *Id.* at *8. This evidence supported specific personal jurisdiction in Texas. *See also Motorola, Inc. v. PC-Tel*, Inc., 58 F.Supp.2d 349 (D. Del. 1999) ("[The defendants] knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there.").

Seitz has made a conclusory assertion that Valeo sold one or more of the ESI-2000 products in Texas. Seitz does not present or identify evidence of facts that, if credited, could

show that Valeo made direct sales to Texas customers or made sales to distributors that Valeo knew were likely to sell to Texas customers.  Seitz has failed to make a *prima facie* showing of specific or general personal jurisdiction over Valeo in Texas based on sales of the ESI-2000 product.

2.     <em>Skye's Sales Representative</em>

David Seitz asserted in his affidavit that Skye "appointed at least one manufacturer's representation [sic]" in Texas to solicit business for the Fortis product.  No additional facts are provided.  Envirotech asserts that this conclusory allegation is insufficient.

In *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003), a plaintiff sought a declaratory judgment that a patent was invalid.  The California court exercised personal jurisdiction over the nonresident patent owner based on the facts that he had hired a California patent attorney to prosecute the patent and had sent representatives to California to demonstrate the technology.  *Id.* at 1350–53.  These California contacts were related to the invalidity claim and were sufficient to show specific personal jurisdiction.  *Id.* at 1351; *see also Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995) ("[T]he due process inquiry requires that we determine whether [the defendant] 'purposefully directed his activities at residents of' Ohio and, if so, whether 'the litigation results from alleged injuries that arise out of or relate to those activities.'") (citing *Burger King*, 471 U.S. at 472).

In *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003), the court found that a company that regularly arranged and received shipments from Texas and regularly sent sales representatives to Texas was not subject to general personal

11

jurisdiction but was subject to specific personal jurisdiction in that state.  The company sent

representatives to Texas with the intent of establishing a contract with a Texas company.  *Id.*

at 382.  The lawsuit involved the contract initiated by the sales representatives.  The actions

of the Texas sales representatives established specific personal  jurisdiction over the

nonresident.

    In this case, Seitz presents no evidence similar to that presented in *Electronics For*

*Imaging, Inc.* or in *Central Freight Lines*.  The conclusory assertion that Skye has appointed

a Texas sales representative, with no additional facts, is insufficient to make a *prima facie*

showing of personal jurisdiction.

3.    *Advertising by Syke*

    In his affidavit, David Seitz stated that Skye advertised the Fortis product in trade

journals circulated within Texas.  Seitz did not provide details about or evidence of this

advertising.  The allegation of advertising, with no details, is insufficient to show personal

jurisdiction.

    In *Breckenridge Pharm., Inc. v. Metabolite Laboratories, Inc*., 444 F.3d 1356 (Fed.

Cir. 2006), the court found that letters from an alleged infringer to Florida residents about

an infringing product, describing the product and enclosing promotional materials about the

product, provided a basis for finding specific jurisdiction in Florida.  *Id.* at 1361.  By

contrast, national advertising that may include circulation in the forum state is generally

insufficient to show jurisdiction over a nonresident defendant in that state.  In *Xactware, Inc.*

*v. Symbility Solution Inc*., 402 F.Supp.2d 1359 (D. Utah 2005), the defendant operated a

12

national website advertising an allegedly infringing product.  The court found no "evidence to establish that [the defendant's] advertising was directed at Utah residents, or that the national advertising ever reached or was used by Utah residents."  *Id.* at 1365.  The defendant's presence at national trade shows was also insufficient because there was no evidence that a Utah resident interacted with the defendant at the trade shows.  *Id.* at 1366.

In the Fifth Circuit, "advertising in national publications is not in itself sufficient to subject a defendant to personal jurisdiction."  *Singletary v. B.R.X., Inc*., 828 F.2d 1135, 1136 (5th Cir. 1987).  In *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 345 (5th Cir. 2002), a trademark infringement and unfair competition case, the evidence showed that the defendant had used an allegedly infringing trademark in "publications which circulate the United States."  The court found that "[g]enerally, advertisements are insufficient to establish personal jurisdiction" and refused to allow specific personal jurisdiction based on that advertising, even though it contained the allegedly infringing mark.  *Id.*  Cases in other jurisdictions are similar.  *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 105 (3d Cir. 2004) ("Advertising in a trade publication that reaches the forum generally does not, without more, provide a sufficient basis for exercising specific jurisdiction over a foreign defendant."); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 857–58 (Fed. Cir. 1999) (applying Eighth Circuit precedent to libel and defamation claims and finding that national advertising, two visits to the forum state to discuss potential business, and a letter about a confidentiality insufficient to establish specific personal jurisdiction); *McFarlane v. Esquire Magazine*, 74 F.3d 1296 (D.C. Cir. 1996) (article published nationally insufficient

13

to provide specific personal jurisdiction in libel case); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) ("[E]vidence of mere placement of advertisements in nationally distributed papers or journals does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser."); *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 700 at n.10 (3d Cir. 1990) (nonresident's advertising in national publications distributed in the forum provided only tangential support for specific personal jurisdiction); *but see SEC v. Carrillo*, 115 F.3d 1540, 1545 (11th Cir. 1997) ("[A]dvertising that is reasonably calculated to reach the forum may constitute purposeful availment of the privileges of doing business in the forum.").

In this case, the record contains only a conclusory allegation that Skye advertised the Fortis product in trade journals circulated within Texas. The record does not show how the advertising came to be circulated in Texas, what kind of publication it was published in, whether Skye intended the advertising to be circulated in Texas, whether any Texas residents saw the advertising, or the contents of the advertising. Seitz has not made a *prima facie* showing of personal jurisdiction over Skye based on advertising.

Seitz has failed to show minimum contacts sufficient to impose personal jurisdiction by a Texas court over Skye or Valeo.

## B.   Waiver of Jurisdiction

Seitz responded to the motions to dismiss with the argument that Valeo and Skye waived objections to personal jurisdiction. (Docket Entry No. 144 at 2). On February 28,

2007, this court had a hearing on Seitz's motion to amend the complaint.  The attorney for Envirotech stated that "defendants [Envirotech] do not oppose the request to add Valeo as a named defendant."  (Docket Entry No. 144, Ex. B at 18).  This statement showed that Envirotech did not oppose the amendment to name Valeo as an additional defendant in the amended complaint under Rule 15.  This statement did not waive a challenge to personal jurisdiction by Valeo or Skye.

### C.    Skye's Alter Ego Status

Seitz argues that this Texas court has jurisdiction over Skye because Skye is Envirotech's alter ego.  (Docket Entry No. 144 at 3).  Seitz argues that "Envirotech is nothing more than a conduit through which Skye does business."  (*Id.*).

"[I]t is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court.  The theory underlying these cases is that, because the two corporations (or the corporation and its individual alter ego) are the same entity, the jurisdictional contacts of one are the jurisdictional contacts of the other for the purposes of the *International Shoe* due process analysis."  *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002).  "Although jurisdiction over a subsidiary does not automatically provide jurisdiction over a parent . . . where the parent totally controls the actions of the subsidiary so that the subsidiary is the mere alter ego of the parent, jurisdiction

15

is appropriate over the parent as well." *Id.* at 652, n.18 (quoting *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1069 n. 17 (9th Cir. 2000)).

The Fifth Circuit has identified a "laundry list" of factors that courts should apply in making an alter ego determination. *See United States v. Jon-T Chems., Inc.*, 768 F.2d 686, 691-92 (5th Cir. 1985). These factors are: (1) the amount of the subsidiary's stock owned by the parent corporation; (2) the existence of separate headquarters for each entity; (3) the sharing of common officers and directors; (4) the observance of corporate formalities; (5) the maintenance of separate accounting systems; (6) the parent corporation's exercise of complete authority over the general policy of the subsidiary; and (7) the subsidiary's exercise of complete authority over its daily operations. *Hargrave v. Fibreboard Co.*, 710 F.2d 1154, 1160 (5th Cir. 1983). "[T]he alter ego test for attribution of contacts, *i.e.*, personal jurisdiction, is less stringent than that for liability." *Stuart*, 772 F.2d at 1198, n.12 (internal citations and quotation marks omitted); *The Richards Group, Inc. v. Brock*, 2007 WL 700896, at *3 (N.D. Tex. 2007). A parent corporation "is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there." *Hargrave*, 710 F.2d at 1159. The plaintiff has the burden of establishing a *prima facie* case of jurisdiction, and must present evidence to establish an alter ego relationship between the parent corporation and the subsidiary. *Id.* at 1160.

In the amended complaint, Seitz alleges that "Skye is the alter ego of Envirotech in that it has disregarded the corporate fiction of Envirotech for its own financial interest and has utilized the corporate fiction of Envirotech to perpetrate a fraud." (Docket Entry No. 136

at ¶ 17).  Seitz's response to Skye's motion to dismiss points out that the amended complaint

"alleges that Sky is the alter ego of Envirotech.  Hence, if true, there is no corporate

separateness and Envirotech is nothing more than a conduit through which Skye does

business." (Docket Entry No. 144 at 3).  The unsigned, undated statement submitted by Seitz

alleges that Skye, Valeo, and Envirotech were "performing different functions that would

normally be done by different departments in one (1) corporation." (Docket Entry No. 111,

Ex. A at 1).

In *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, (5th Cir. 2004), the plaintiff

provided SEC filings that showed a relationship between the corporations to attempt to show

that the parent company was an alter ego of the subsidiary.  The court found that evidence

was insufficient to overcome the presumption of corporate separateness.  *Id.* at 344.  In

*Thomas v. Trico Products Corp.*, 2006 WL 801506, at *4–5 (S.D. Tex. 2006), the plaintiff

alleged that the parent company provided 401(k) benefits to the subsidiary's employees and

provided printouts from the companies' websites.  The court found that evidence insufficient

to support an alter ego relationship between the companies.

In this case, the record contains no evidence of the factors that bear on whether Skye

is Envirotech's alter ego.  The record is even more scant than the insufficient evidence in the

*Freudensprung v. Offshore Tech. Servs.* and *Thomas v. Trico* cases.  Seitz has failed to show

evidence sufficient to overcome the presumption of corporate separateness and has not made

a *prima facie* showing of personal jurisdiction over Skye as an alter ego of Envirotech.  *See*

*Thomas v. Trico*, 2006 WL 801506, at *5.

### III. Conclusion

Seitz has not argued, and the record does not show, that further discovery on jurisdiction is necessary.  Seitz did ask for an opportunity to amend the complaint to plead more detailed jurisdictional facts.  The jurisdiction determination is not limited to the facts alleged in the complaint.  Seitz submitted evidence beyond the complaint in response to the motion to dismiss.  That evidence, with the allegations in the amended complaint, was insufficient to show personal jurisdiction as to Skye and Valeo.  On the present record, amendment would be both late and futile.

The court grants the motions filed by Skye and Valeo under Rule 12(b)(2) for lack of personal jurisdiction.  (Docket Entry Nos. 138, 141).

SIGNED on June 19, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

18