IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SEITZ and MICROTHERM, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-02-4782 |
| ENVIROTECH SYSTEMS WORLDWIDE INC., *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER ON THE PLAINTIFFS' MOTION
TO STRIKE THE COUNTERCLAIMS ASSERTED IN THE
ANSWER TO THE AMENDED COMPLAINT**

In 2002, David Seitz and Microtherm, Inc. (together, "Seitz") sued Envirotech Systems Worldwide, Inc. and Envirotech of Texas (together, "Envirotech"). Seitz has since filed an amended complaint, and Envirotech has filed an answer to the amended complaint. Seitz has moved to strike the counterclaims asserted in the answer to the amended complaint. (Docket Entry No. 147). Envirotech has responded, (Docket Entry No. 148), and Seitz has replied, (Docket Entry No. 149).

Based on the pleadings; the motion, response, and reply; and the applicable law, the motion is granted in part and denied in part. The reasons are explained below.

**I.   Background**

In the original complaint, Seitz alleged that the Envirotech ESI-2000 tankless water heater infringed four patents: U.S. Patent No. 5,886,880 (the '880 Patent), U.S. Patent No.

6,080,971 (the '971 Patent), U.S. Patent No. 5,216,743 (the '743 Patent), and U.S. Patent No. 6,246,831 (the '831 Patent). (Docket Entry No. 1). Seitz also alleged that Envirotech engaged in unfair competition through false advertising, in violation of the Lanham Act, 15 U.S.C. § 1125. (*Id.*).

Envirotech filed an answer asserting as affirmative defenses that the patents were invalid, that Envirotech had not infringed on any claims of the patents, and that the patents were unenforceable because of inequitable conduct. (Docket Entry No. 6 at ¶¶ 23–27). Envirotech also counterclaimed for a declaratory judgment of noninfringement, invalidity, and unenforceability due to inequitable conduct and sought attorney's fees. (*Id.* at ¶¶ 28–33).

In November 2006, Seitz moved for leave to file an amended complaint to add new parties and to remove the claims that the '743 and '831 Patents were infringed. (Docket Entry No. 111). This court granted Seitz leave to add some of the new parties and to remove the infringement claims related to the '743 and '831 Patents. (Docket Entry No. 137). Seitz filed an amended complaint on March 1, 2007. (Docket Entry No. 136).

On March 21, 2007, Envirotech filed an amended answer and asserted ten counterclaim counts. (Docket Entry No. 140). In Count I, Envirotech asked for a declaratory judgment that it did not infringe the '880 and '971 Patents. In Count II, Envirotech asked for a declaratory judgment that the '880 and '971 Patents are invalid. In Count III, Envirotech asked for a declaratory judgment that the '880 and '971 Patents are unenforceable based on Seitz's inequitable conduct. (*Id.* at ¶¶ 32–46). In Count IV, Envirotech asked for a declaratory judgment that there was no contributory infringement or inducement of

2

infringement.  (*Id*. at ¶ 47–50).  In Count V, Envirotech sought a declaratory judgment relating to limits on Seitz's claimed damages.  (*Id*. at ¶¶ 51–56).  In Count VI, Envirotech sought a declaratory judgment that the case is "exceptional" under 35 U.S.C. § 285, justifying an attorney's fees award.  (*Id*. at ¶¶ 59–60).  In Count VII, Envirotech asked for a declaratory judgment dismissing Seitz's Lanham Act claims.  (*Id*. at ¶¶ 61–64).  In Count VIII, Envirotech alleged that Seitz committed antitrust violations by improperly seeking to extend patent rights and by filing this suit to enforce patents that were not infringed, were invalid, or were nonenforceable.  (*Id*. at ¶¶ 65–86).  In Count IX, Envirotech alleged unfair competition.  (*Id*. at ¶¶ 87–89).  In Count X, Envirotech alleged abuse of process and malicious prosecution.  (*Id*. at ¶¶ 90–93).

Seitz has moved to strike the counterclaims on the basis that they allege new facts, theories of liability, and causes of action and that Envirotech did not obtain leave of court to file them.  (Docket Entry No. 147).  Envirotech responds that this court did give it leave to file new counterclaims at the February 28, 2007 hearing on Seitz's motion to amend the complaint.  Envirotech also argues that in the Southern District of Texas, leave is not needed to file an amended counterclaim. (Docket Entry No. 148 at 3).  Envirotech finally argues that it would be "unfair, inequitable and prejudicial to the Defendants if this Court did not allow the Defendants to respond to the new scope and theories of the case with an appropriate Counterclaim."  (*Id*. at 6).

## II.     The Applicable Legal Standards

Rule 15 of the Federal Rules of Civil Procedure provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Under Rule 15, "leave shall be freely given." *Forman v. Davis*, 371 U.S. 178, 182 (1962). After a plaintiff files an amended complaint, the "defendant is free again to amend his answer without leave of court in order to respond to plaintiff's amended complaint because the amended complaint is considered to supersede the original complaint and defendant therefore has the right to interpose a new responsive pleading." WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 1483 at 591 (1990).  But most courts require leave to raise new allegations and defenses that go beyond responding to the new matters raised in the amended complaint. *See id.* § 1484 at 591–92, n.1; *see also St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 2007 WL 1575955, at *1 (W.D. Wash. May, 29, 2007) (citations omitted) (collecting cases); *Synopsys, Inc. v. Magma Design Automation, Inc.*, 2007 WL 420184 (N.D. Cal. Feb. 6, 2007); *Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*, 464 F.Supp.2d 481, 486 (D. Md. 2006); *Elite Entertainment, Inc. v. Khela Brothers*

4

*Entertainment*, 227 F.R.D. 444, 446 (E.D. Va. 2005) ("[T]he moderate, and most sensible, view is that an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint."); *Uniroyal Chemical Co., Inc. v. Syngenta Crop Protection, Inc.*, 2005 WL 677806 (D. Conn. Mar. 23, 2005); *St. Paul*, 2007 WL 1575955, at *1 (an amended responsive pleading is appropriate "when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of changes in the amended complaint.").

Envirotech argues that leave of court to file the new counterclaims is not required in this district. Envirotech cites to *Skytop Brewster Co. v. Skytop Int'l Inc.*, 1993 WL 721287 (S.D. Tex. Dec. 20, 1993) (M.J. Stacy). In that case, the judge applied Rule 15 and granted the defendant leave to file the amended counterclaim because it was not untimely, in bad faith, or futile. This case does not support Envirotech's argument that leave of court is not required to file new counterclaims with an answer to an amended complaint. Nor does the record show that this court granted Envirotech leave to file new or amended counterclaims without regard to their relationship to the matters raised in the amended complaint.

**III.   Analysis**

Counts I–III of the counterclaims in the amended answer were asserted in the original answer. In the amended answer, these counterclaims are revised to reflect the changes in

Seitz's amended complaint deleting two of the original patents-in-suit. Seitz's motion to strike Counts I–III in the of the amended answer counterclaims is denied.

Count IV of Envirotech's counterclaims seeks a declaratory judgment that Envirotech has not contributorily infringed or induced infringement. These counterclaims are new and do not respond to any grounds for relief asserted in the amended complaint. (Docket Entry No. 136). The motion to strike Count IV is granted.

Count V seeks a declaratory judgment that Seitz's damages are limited by a number of factors, including a lack of evidence about the impact of Envirotech's advertising, a damages award in another case, other litigation filed by Seitz, and failure to mark the patented products. Although not previously raised as a counterclaim for declaratory judgment, this amended counterclaim is responsive to the damages claimed in both the original and amended complaint and alleges facts developed through discovery. The motion to strike is denied as to Count V.

In Count VI, Envirotech asserts the right to attorney's fees. Envirotech sought attorney's fees in the original answer. *See Barry Fiala, Inc. v. Stored Value Systems*, Inc., 2006 WL 2578893, at *2 (W.D. Tenn. Sept. 1, 2006) (granting leave to assert amended counterclaim previously filed as an affirmative defense). The motion to strike Count VI is denied.

Count VII asks for a declaratory judgment on Seitz's Lanham Act claims. This counterclaim was asserted in Envirotech's answer to the original complaint, denying Lanham Act violations. The motion to strike is denied as to Count VII.

Counts VIII and IX of the counterclaims allege that Seitz has engaged in antitrust violations and unfair competition by seeking to enforce the patents at issue. No such counterclaims were raised in the original answer. (Docket Entry No. 6). Nothing was added in Seitz's amended complaint that would make it appropriate to expand this case to assert counterclaims of antitrust violations and unfair competition. These are new counterclaims that do not reflect the changes in the amended complaint. Instead, these counterclaims would expand the issues, requiring additional discovery and motions in a case that has been pending for five years. The motion to strike is granted as to Counts VIII and IX.

Finally, in Count X, Envirotech added a new counterclaim for damages for abuse of process and malicious prosecution. This counterclaim is not responsive to, nor reflective of, changes made in the amended complaint. The delay in filing this counterclaim is unexplained. Allowing Envirotech to include Count X in the counterclaims would improperly expand this case at a very late stage. The motion to strike is granted as to Count X.

**IV.    Conclusion**

Seitz's motion to strike is granted as to Counts IV and VIII–X and denied as to Counts I–III and V–VII. (Docket Entry No. 147).

SIGNED on June 19, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge