**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID SEITZ and MICROTHERM, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-02-4782 |
| ENVIROTECH SYSTEMS WORLDWIDE INC., *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER ON THE DEFENDANTS'
MOTION TO DISSOLVE OR MODIFY THE COURT'S
PRELIMINARY INJUNCTION ORDER**

On December 13, 2002, David Seitz and Microtherm, Inc. (together, "Seitz") sued Envirotech Systems Worldwide, Inc. and Envirotech of Texas (together, "Envirotech"), alleging that the ESI-2000 water heater infringed four patents. (Docket Entry Nos. 1, 136). On December 5, 2005, after an evidentiary hearing, this court entered a preliminary injunction order. (Docket Entry No. 47). That order enjoined Envirotech from marketing or selling the Envirotech ESI-2000 heater or other heater using the same technologies. Envirotech has moved to dissolve or modify the preliminary injunction. (Docket Entry No. 123). Seitz has responded, (Docket Entry No. 126), and Envirotech has replied, (Docket Entry No. 131). Based on a careful review of the motion, response, and reply, the present record, and the applicable law, this court denies the motion to dissolve the injunction but grants the motion to modify, conditioned on Seitz filing a proposed amended order that

describes, with specificity, the technologies used in, or the parts of, the accused ESI-2000 and related devices that allegedly infringe U.S. Patents Nos. 5,886,880 and 6,080,971. Seitz must file this proposed order by June 29, 2007. At the same time, Seitz must also file a memorandum in support of the proposed amended preliminary injunction order, explaining the specific description and citing to and analyzing the evidence in the record supporting the infringement he describes. Envirotech may respond no later than July 20, 2007.

The reasons for these rulings and order are explained in detail below.

**I.     Background**

The preliminary injunction issued in December 2005 states in part that Envirotech may not market or sell its ESI-2000 water heater, including any configurations, any other heater utilizing parts of the ESI-2000, and any other heater "utilizing in whole any part any technology embodied in the Model ESI 2000 heater." The quoted portion of the injunction order contains a typographical error, pointed out in Envirotech's motion. Envirotech argues that, in addition to the need to correct the typographical error and clarify the ambiguity it creates, the injunction should be dissolved because there has been no showing of infringement, the patents are invalid, the injunction is ambiguous for other reasons, Seitz has received a large award in another action, and Envirotech has suffered financially. (Docket Entry No. 123).

Seitz responds by arguing that the injunction is clear and was properly entered. Seitz points to Envirotech's use of the bankruptcy process to avoid disclosing evidence of its infringing activities in this lawsuit and argues that the patents are valid. Seitz also argues

that modifying the injunction cannot help Envirotech because the accused technologies are assigned to another company, and that the award of damages in an unrelated lawsuit is irrelevant. (Docket Entry No. 126).

The injunction was based on an evidentiary hearing held in December 2005. (Docket Entry No. 51). At the conclusion of that hearing, this court found that Envirotech had abused the bankruptcy process to obstruct discovery in this case and to continue selling the ESI-2000. Documents admitted in the December 2005 hearing showed that Envirotech recognized the need for design changes in the ESI-2000 to avoid infringing Seitz's patents. When that injunction was entered, because of Envirotech's bankruptcy and the related stay, little discovery had taken place in this case.

Since the injunction was issued, discovery in this case has proceeded. Both Seitz and Envirotech have more information about the accused devices and the alleged infringement. In addition, the Supreme Court has clarified the legal standard relating to the issuance of an injunction in a patent infringement case. Envirotech argues that the injunction should be dissolved or modified; Seitz disputes that either dissolution or modification is appropriate.

**II.     Analysis**

    **A.     The Applicable Legal Standard**

The burdens at the preliminary injunction stage track the burdens at trial. *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 126 S.Ct. 1211, 1219 (2006). To obtain an injunction against the sale of an allegedly infringing product, a patent owner must show a likelihood of success on the merits—that he "will likely prove" infringement—as well as

irreparable harm if the injunction does not issue. *PHG Tech., LLC v. St. John Companies, Inc.*, 469 F.3d 1361, 1365 (Fed. Cir. 2006). To defeat an injunction on the basis of invalidity, a potential infringer has the burden, not of proving invalidity by clear and convincing evidence, but of showing a "substantial question of invalidity." *Id.*

In *EBay Inc. v. MercExchange, L.L.C.*, 126 S.Ct. 1837, 1838 (2006), the Supreme Court clarified the standard for issuing an injunction in a patent case. The Supreme Court held that, in addition to the patent owner showing a likelihood of success on the merits, a district court must apply the factors that apply to all requests for injunctive relief. A plaintiff must demonstrate that: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. A court cannot automatically issue an injunction based on infringement allegations and should not consider other factors such as a patentee's willingness to license patents. *Id.* at 1840.

### B. Infringement

Envirotech argues that there is an inadequate showing of infringement to justify the continued injunction. Envirotech argues that at a minimum, modification is required because "it is uncertain what is exactly meant by the phrase 'in whole any part any technology,' and it is uncertain if this court meant to prohibit the use of parts in the ESI-2000 that have no relationship to the scope of the Plaintiffs' patents." (Docket Entry No. 123 at 8). Envirotech

asks this court to clarify whether the injunction prohibits only the use of technologies that are covered by the patents-in-suit.

Clarification is appropriate, in part because of the typographical error. The injunction properly prohibits only the use of technologies in the accused devices that infringe the '971 and '880 Patents. Modification of the injunction is appropriate to make that clear.

Seitz argues that "if any terms of the preliminary injunction were ambiguous to any other parties, they should simply advise the Court and obtain a ruling as to whether specific technology was or was not within the scope of the injunction." (Docket Entry No. 126 at 5). Seitz's argument is inconsistent with the standards governing injunctions. Rule 65(d) of the Federal Rules of Civil Procedure requires that an injunction order be "specific in terms" and "describe in reasonable detail" the acts restrained. In patent cases, the injunction should "limit its prohibition to the manufacture, use, or sale of the specific infringing device, or to infringing devices no more than colorably different from the infringing device." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476, 479–80 (Fed. Cir. 1993).

Seitz has obtained discovery he lacked when the injunction issued. He must provide a specific description of the technologies and aspects of the accused devices that infringe the '971 and '880 Patents. No later than June 29, 2007, Seitz must submit a proposed modified injunction order that states with specificity the technologies used in, or the parts of, the accused ESI-2000 and related devices that infringe U.S. Patents Nos. 5,886,880 and 6,080,971. Seitz must also file a memorandum in support of the proposed order that explains

5

the specific description and that cites to and analyzes the evidence in the record that supports the infringement he describes. Envirotech may respond no later than July 20, 2007. If appropriate, this court will enter a modified injunction order based on the parties' submissions.

### C. Invalidity

Envirotech argues that the patents at issue are invalid as a result of prior art. (Docket Entry No. 123 at 3–6). Envirotech bears the burden of proof on this issue. This court has found that the expert reports and briefing addressing invalidity were inadequate because, among other things, they failed to address the recent change in the legal standard, they did not take into account additional information developed during discovery in this case, and they did not contain sufficiently specific or detailed analysis comparing the prior art to the challenged patents. A schedule has been set for the parties to present additional evidence and legal briefing on the invalidity issues.

The present record is inadequate to permit this court to conclude that Envirotech has raised a substantial question of invalidity that would make dissolution of the injunction appropriate. The motion to dissolve the injunction on this basis is denied, without prejudice to Envirotech's reurging it based on the expanded record.

### D. Other Grounds

Envirotech also argues that the injunction should be dissolved because Seitz cannot show irreparable harm. Envirotech bases this argument on a large damages award Seitz received in a lawsuit against certain suppliers for parts used in his water heaters. In that

6


lawsuit, Seitz alleged that he was damaged because poor equipment supplied by the defendants in 2000 and 2001 caused a loss of water heater sales. (Docket Entry No. 123 at 6–7; Docket Entry No. 131 at 9). Envirotech does not explain how this damages award affects the propriety of an injunction against a competitor's future sales of water heaters that allegedly infringe Seitz's patents.

Envirotech also argues that the balance of harms favors dissolving the injunction. Envirotech asserts that it has been unable to sell its only product. It is appropriate to modify an injunction under Federal Rule of Civil Procedure 60(b)(5) if a party can show "a significant change either in factual conditions or in law." *Agostini v. Felton*, 521 U.S. 203, 215 (1997). It is insufficient to show that the enjoined party would be "better off" if the injunction is lifted. The enjoined party must show "hardship so extreme and unexpected as to justify us in saying that they are the victims of oppression." *U.S. v. Swift & Co.*, 286 U.S. 106, 119 (1932); *see also Valentine Sugars, Inc. v. Sudan*, 34 F.3d 320, 322 (5th Cir. 1994) (changes in business conditions from additional licensing not "new and unforeseen"). The present record does not show unexpected or extreme changes in the factual conditions relating to the asserted infringement or to Envirotech's financial situation that would justify dissolving the injunction.

**IV.    Conclusion**

Envirotech's motion to dissolve the injunction is denied, and the motion to modify the injunction is granted, conditioned on Seitz's submission, no later than June 29, 2007, of a proposed amended order that describes, with specificity, the technologies used in, or the parts

of, the accused ESI-2000 and related devices that infringe U.S. Patents Nos. 5,886,880 and 6,080,971. Seitz must also file a memorandum in support of the proposed order that explains the specific description and that cites to and analyzes the evidence in the record that supports the infringement he describes. Envirotech may respond no later than July 20, 2007.

SIGNED on June 19, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge