IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SEITZ and MICROTHERM, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.  H-02-4782 |
| ENVIROTECH SYSTEMS WORLDWIDE INC. and ENVIROTECH OF TEXAS, INC., | § § § § | JUDGE LEE H. ROSENTHAL |
| Defendants. | § § | |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NO LOST PROFITS DAMAGES, AND DAUBERT MOTION ON THE ALLEGED EXPERT DAMAGE OPINIONS OF MR. SEITZ**

COMES NOW Defendants, Envirotech Systems Worldwide, Inc., and Envirotech of Texas, Inc. (collectively "Envirotech"), and request that the Court grant this Motion for Summary Judgment that the Plaintiff has not suffered, and cannot prove to have suffered, any lost profits damages in this matter. Further, the Defendants request that the expert opinion of Mr. Seitz be stricken as to his opinions of reasonable royalty damages that should be awarded in this case. As a matter of law, summary judgment is hereby requested to be granted in the Defendants' favor on this motion and the motion to strike should be granted.

**I.     INTRODUCTION**

This is a patent case.  Damages can be measured under 35 U.S.C. §285 as lost profits damages <u>or</u> a reasonable royalty damage claim applied against the accused

infringing sales. Mr. Seitz has provided a damage report that claimed damages totaling <u>both</u> lost profits damages <u>and</u> a reasonable royalty.

Based on undisputed evidence, summary judgment should be entered on behalf of the Defendants because the Plaintiffs cannot prove to have suffered any lost profits damages related to the Defendants' actions. The Plaintiff has the burden of proving causation and entitlement to lost profits damages, which needs to be supported by evidence regarding the reconstruction of the market. Without any evidence to support causation or entitlement, the present motion for summary judgment should be granted precluding any claim for lost profits damages by the Plaintiff.

Further, Mr. Seitz has not provided any reliable or supported opinions regarding reasonable royalty damages that should be allowed into evidence at trial. Mr. Seitz's damages analysis is incorrect as a matter of law in attempting to obtain both lost profits and a reasonable royalty, but there is no evidentiary support for his claims for a reasonable royalty. There are other errors and unsupported assertions in Mr. Seitz's opinion. Without some indicia of reliability, the reasonable royalty damage opinions of Mr. Seitz are grossly speculative, and as such, inadmissible at trial.

## II.　UNDISPUTED ISSUES OF FACT

The Defendants provide the following undisputed issues of fact as the basis for the Motion for Summary Judgment.

1. There were four patents at issue in the present case: U.S. Patent No. 5,216,743 ("the '743 Patent"), 5,866,880 ("the '880 Patent"), 6,080,971 ("the '971 Patent"), and 6,246,831 ("the '831 Patent").

2.   Mr. Seitz has provided a damage report that claimed damages totaling <u>both</u> lost profits damages <u>and</u> reasonable royalty damages. Exhibit 1, Seitz Damage Opinion, August 14, 2006, p. 1 (Total Damages of $762,750 from lost profits, reasonable royalty and Lanham Act damages).

3.   When asked at the Plaintiffs' 30(b)(6) deposition, Mr. Sietz indicated that he could not identify a single lost sale that was caused by the Defendants. Mr. Seitz testified as follows:

> Q. Okay. My question now is: What is your evidence that supports that belief that people would have bought a Seisco unit as opposed to a Control unit or one of the other manufacturers out there in the industry?
>
>    MR. BRYANT: He's answered that question, too.
>
> A. And -- and I told you that I don't believe that in this case I need to demonstrate to this Court anything in the way of evidence more than this was fraudulent, this was deliberate and this was intentional and it went way beyond just, you know, rosy advertising.

*Exhibit 2, Seitz Oct. 17, 2006 Dep. Tr. 187:16-188:2.* Mr. Seitz also testified that:

> Q. Okay. E-mails. Could you give us the e-mails?
>
> A. E-mails and phone calls, I can -- I can do a search for that, yes.
>
> Q. Has that -- has that been given to us yet?
>
> A. I just got through telling you I made no effort to do a survey, nor do I think I'm required to.

*Exhibit 2, Seitz Oct. 17, 2006 Dep. Tr. 172:23-173:3.* Mr. Seitz also testified that:

> Q. Okay. And did you conduct any type of other type of survey or listing of people that contacted you that you can point us to that says "these people

>    contacted us regarding these statements" that you allege
>    are fraudulent?
>
> A.  I think I've answered the question, haven't I?
>     I have not done a survey in the -- in the respect that
>     you're asking, you're discussing.
>
> Q.  So you have no listing or identification of
>     people that you can point us to?
>
> A.  I cannot sit here today and give you a single
>     name of a single person who told us that they bought
>     Envirotech based on their representations.

*Exhibit 2, Seitz Oct. 17, 2006 Dep. Tr. 191:17-192:4.*

    4.    Mr. Seitz indicates that there are only two companies in the electric water heater market in his damage report (p. 3) even though multiple competitors in the market were discussed at his deposition. *Exh. 1, Seitz Damage Opinion, p. 3 (Under FACTORS).* With absolutely no evidentiary support, Mr. Seitz speculates that his company had a 50% chance of making a sale of an electric water heater in the market. *Id.* Mr. Seitz identifies other market competitors in the very next sentence in his reasonable royalty damage analysis. *Exh. 1, Seitz Damage Opinion, p. 4 ("CEC, S.E.T.s, or Eemax, who are the largest remaining players in the market.").*

    5.    Mr. Seitz calculates a 20% royalty rate based on a 25% profit participation on a 40% profit margin. Despite the fact that there is no evidentiary support for the profit margin, profit participation, percentage of sales or any other percentage provided in Mr. Seitz's Report, 25% profit participation of 40% is only a 10% royalty, not a 20% royalty rate.

## IV. ARGUMENTS AND AUTHORITIES

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25.

Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id. at* 321-325; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255-57 (1986). The nonmoving party must present evidence upon which a jury could reasonably find in his favor because a "mere existence of a scintilla of evidence" supporting his position is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252.

### A.   No Evidence of Nexus of Lost Profits Suffered By the Plaintiff.

The Patent Act permits damages to be calculated as lost profits or a reasonable royalty on the infringer's sales. 35 U.S.C. §284. In order to prove lost profits damages, the Plaintiff must "prove a causal relations between the infringement and the loss of profits." *Shockley v. Arcan, Inc.,* 248 F. 3d 1349, 1362 (Fed. Cir. 2001). To show causation and entitlement to lost profits, a patentee must reconstruct the market to show likely outcomes with infringement factored out of the economic picture. *Id.*

In the present case, the Plaintiff has not reconstructed the market or provided any evidence that would support a claim for lost profits damages. At the 30(b)(6) deposition of the Plaintiff's representative, the Plaintiffs admitted that they had no evidence of any lost sales in the marketplace resulting from the Defendants' actions. Without such evidence or the identification of evidence supporting causation or entitlement to lost profits, the present summary judgment should be granted precluding any claim for lost profits damages.

### B. The Plaintiff's Expert Opinions Offered By Mr. Seitz Should Be Stricken As Unsupported, Unreliable and Erroneous.

Under *Daubert,* the District Court can make a pretrial evaluation of whether an expert's opinion is inadmissible under Fed. R. Evid. 702 because, for example, it lacks a reasonable foundation in the expert's discipline. *Daubert v. Merrell Dow Pharms, Inc.* 509 U.S. 579 (1993). The District Court serves a "gatekeeper" function to exclude all unsupported, unreliable and erroneous expert testimony. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999).

Mr. Seitz's reasonable royalty opinions are not based on evidentiary support. In fact, many of the figures and percentages identified by Mr. Seitz appear to be utterly speculative and contradictory to other figures provided in his Report. For instance, Mr. Seitz indicates that there are only two companies in the electric water heater market in his damage report (p. 3) even though multiple competitors in the market were discussed at his deposition. *Exh. 1, Report, p. 3 (Under FACTORS).* Mr. Seitz then identifies other market competitors in the very next sentence in his reasonable royalty damage analysis. *Exh. 1, Report, p. 4 ("CEC, S.E.T.s, or Eemax, who are the largest remaining players in the market.").*

With absolutely no evidentiary support, Mr. Seitz speculates that his company had a 50% chance of making a sale of an electric water heater in the market. *Id.* Again, there is no evidence or surveys that would support that sheer speculation. After speculating about the percent probability of achieving the sale, Mr. Seitz incorrectly calculates a 20% royalty rate based on a 25% profit participation on a 40% profit margin. Without any evidentiary support for the profit margin, profit participation, percentage of sales or any other percentage provided in Mr. Seitz's Report, his opinion is entirely speculative. It is also incorrect because a 25% profit participation of 40% profit is only a 10% royalty rate, not a 20% royalty rate.

From the above, Mr. Seitz is not qualified to offer any opinion on reasonable royalty damages, or any other damages. Further, the lack of evidentiary support and the erroneous analysis in Mr. Seitz's report expose the serious deficiency with Mr. Seitz providing expert opinions in this matter. The Daubert motion to exclude Mr. Seitz's expert opinion on reasonable royalty damages should be granted.

## IV. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that summary judgment be granted in its favor because the Plaintiff has suffered no lost profits damages, and the motion to strike be granted with respect to Mr. Seitz's alleged expert opinions.

                                          Respectfully submitted,

Dated: September 10, 2007        /s/ D. Scott Hemingway
                                          D. Scott Hemingway
                                          Texas Bar No. 09407880
                                          Hemingway & Hansen, LLP
                                          Bank One Center, Suite 2500
                                          1717 Main Street
                                          Dallas, Texas  75201
                                          Phone:  (214) 292-8301

                                          Attorney for Defendants

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record in the manner indicated this 10th day of September, 2007.

Steve A. Bryant  
Steve A. Bryant & Associates  
3618 Mt Vernon, Ste A  
Houston, TX 77006  

*Via Electronic Service*

Loren G. Helmreich  
Browning Bushman  
5718 Westheimer, Ste 1800  
Houston, TX 77057  

*Via Electronic Service*

/s/ D. Scott Hemingway